IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN M. CARTER, and on behalf of other Similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | 8:17CV319 |
| v. | ) ) | |
| | ) | **MEMORANDUM** |
| WILLIAM MULDOON, individually and in his official capacity as Director of NLETC, DAVE STOLZ, individually and in his official capacity as Counsel for the NLETC, NEBRASKA LAW ENFORCEMENT TRAINING CENTER, and DOES 1-25 INCLUSIVE, | ) ) ) ) ) ) ) ) ) ) ) | **AND ORDER** |
| Defendants. | ) ) | |

The court's internal record-keeping system indicates that Plaintiff has requested a temporary restraining order ("TRO") in his Complaint (Filing No. 1), which brings claims against Defendants for violations of his rights to equal protection and due process, conspiracy to violate constitutional rights, race discrimination, and tortious interference with business expectancy.

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that a TRO may issue without notice to the adverse party only if:

> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here, Plaintiff has requested a TRO on page 18 of his Complaint by asking that "a Temporary Restraining Order be issued immediately halting further defamation of Plaintiff's name and reputation." Plaintiff has not filed a separate motion for a TRO, a supporting brief, and an affidavit clearly showing that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," efforts Plaintiff has made to give notice to the adverse party, any efforts Plaintiff has made to give such notice, and the reasons why such notice should not be required. Nor does Plaintiff's verified Complaint contain such a showing.

Accordingly, Plaintiff's request for a temporary restraining order contained in his Complaint will be denied. *See Trenton Indian Serv. Area v. Loudermilk*, No. 4:12-CV-143, 2013 WL 12109416, at *1 (D.N.D. July 30, 2013) (denying "perfunctory request[]" for temporary restraining order and preliminary injunction in complaint due to plaintiff's failure to comply with Fed. R. Civ. P. 65(b) and to present the court "with anything other than the brief statements contained in the complaint requesting a preliminary injunction"); *Holt v. Howard*, No. 4:12-CV-510-DPM, 2012 WL 6087168, at *1 (E.D. Ark. Dec. 4, 2012) ("the Court will not address a TRO or a preliminary injunction unless and until [the plaintiff] moves for one with supporting papers"); *Fryer v. Citimortgage, Inc.*, No. CIV. 09-3197 DWF/RLE, 2009 WL 3856724, at *1 (D. Minn. Nov. 17, 2009) (denying plaintiff's application for TRO when plaintiff failed to certify in writing any attempts to notify defendant of request for TRO; "Moreover, [the plaintiff] has not provided 'specific facts in an affidavit or a verified complaint' that 'clearly show' her right to *ex parte* relief before Defendant can be heard.") (quoting Fed. R. Civ. P. 65(b)(1)); *see also Vice v. Kaemingk*, No. 4:16-CV-04127-KES, 2016 WL 7263736, at *4 (D.S.D. Dec. 15, 2016) (when plaintiff's request for TRO was contained in complaint, court on initial review under 28 U.S.C. § 1915A denied motion for TRO, stating "At this stage, [the plaintiff]

cannot show that he is likely to succeed on the merits. He has only stated a claim upon which relief may be granted. The defendants have not been served and have not had a chance to respond. Therefore, [the plaintiff's] motions for a temporary restraining order and preliminary injunction are denied.").

IT IS ORDERED that Plaintiff's request for a temporary restraining order contained in his Complaint (Filing No. [1](#) at CM/ECF p. 18) is denied without prejudice.

DATED this 29th day of September, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge