IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN M. CARTER, and on behalf of other Similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | 8:17CV319 |
| v. | ) ) | |
| WILLIAM MULDOON, individually and in his official capacity as Director of NLETC, DAVE STOLZ, individually and in his official capacity as Counsel for the NLETC, NEBRASKA LAW ENFORCEMENT TRAINING CENTER, and DOES 1-25 INCLUSIVE, | ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

On October 5, 2017, the court entered Judgment (Filing No. 9) dismissing this case without prejudice due to Plaintiff's failure to pay the $400.00 filing fee within 30 days, as required by the court's August 30, 2017, order. (Filing No. 3.) On October 30, 2017, Plaintiff filed an Objection to Dismissal of Case and Motion to Reopen Closed Case (Filing No. 10), which I shall construe as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). This rule provides that "the court may relieve a party or its legal representative from a final judgment [or] order" due to "mistake, inadvertence, surprise, or excusable neglect" and for any "reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & (6).

The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). The relevant

circumstances include "the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Feeney v. AT & E, Inc.*, 472 F.3d 560, 562-63 (8th Cir. 2006).

In his Motion, Plaintiff claims that he mailed the $400.00 filing fee to the same court address he used to mail his docketed pleadings, yet the payment was returned to him labeled "RETURN TO SENDER UNCLAIMED UNABLE TO FORWARD." (Filing No. 10 ¶ 8.) Plaintiff also accuses the Clerk of Court of refusing to grant him access to the court's electronic filing system, failing to mail summons to the defendants as he requested, and having "a personal disdain of the Plaintiff's filing and has taken action to ensure the failure of the case." (Filing No. 10 ¶¶ 4, 5, 11.)

Because Plaintiff's Rule 60(b) Motion was filed within a reasonable time after the judgment was entered pursuant to Fed. R. Civ. P. 60(c)(1); the apparent postal error was not within Plaintiff's control; reinstating the case will not prejudice the defendants since they have not yet been served; and because Plaintiff's case was dismissed without prejudice, which would allow him to refile this same case, I shall grant Plaintiff's Motion and reinstate this case.

As to his accusations against the Clerk of Court, Plaintiff should note that he may receive access to the court's electronic filing system by following the procedure outlined in NEGenR 1.3(b). The Clerk of Court has no record of Plaintiff's alleged previous attempt to register for the system. Further, the summons Plaintiff previously sent to the court (Filing No. 6) were not issued because the filing fee had not yet been (and is still not) paid. Finally, the Clerk of Court treats all litigants equally, closely follows the court's detailed procedures and local rules, and offers numerous resources to pro se litigants. *See* United States District Court for the District of Nebraska Website, "Proceeding Without an Attorney" (containing handbooks and forms for pro

se litigants). The court will not tolerate further unfounded accusations that the Clerk of Court is taking actions "to ensure the failure of" his case.

IT IS ORDERED:

1. Plaintiff's Objection to Dismissal of Case and Motion to Reopen Closed Case (Filing No. 10) is granted, and the Clerk of Court shall reopen this case.

2. Plaintiff shall immediately send his $400.00 filing fee to the court at the following address:

> Roman L. Hruska Federal Courthouse
> 111 South 18th Plaza
> Suite 1152
> Omaha, NE 68102

The court must be in receipt of Plaintiff's filing fee on or before **November 20, 2017**, in the absence of which THIS MATTER WILL BE DISMISSED WITHOUT FURTHER NOTICE TO PLAINTIFF.

3. The summons previously filed with the court in Filing No. 6 now appear to be incorrect because Plaintiff's address has changed from 729 Eagle Street to 701 Chief Street in Benkelman, NE 69021. Therefore, along with his filing fee, Plaintiff shall send summons for each defendant to the Clerk of Court, who will then sign, seal, and issue such summons to Plaintiff for service on each of the defendants pursuant to Fed. R. Civ. P. 4. Plaintiff must complete such service of process within 60 days of the date on which Plaintiff's filing fee is received by the Clerk of Court.

4. If Plaintiff wishes to register to use the court's electronic filing system, he should follow the procedure outlined in NEGenR 1.3(b). That is, Plaintiff

must complete and sign an attorney registration form available on the court's Web site at www.ned.uscourts.gov/forms>"CM/ECF Registration Form" or from the clerk. Registration constitutes a party's consent to electronic service and waiver of the right to service by personal service or first class mail. Once registration is complete, the court provides a registered user with a login and password that serve as part of the user's electronic signature on documents filed on the System.

Plaintiff should note that the name used on the CM/ECF registration form must be exactly the same as the name used in the caption of his Complaint—that is, John M. Carter. Plaintiff may send this registration form to the court along with his $400.00 filing fee.

5. The Clerk of Court shall set a pro se case management deadline as follows: November 20, 2017—Plaintiff's filing fee due. Case to be transferred off pro se docket. Plaintiff to serve summons within 60 days of Clerk of Court's receipt of filing fee.

DATED this 2nd day of November, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge