IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN M. CARTER,<br><br>                  Plaintiff,<br><br>     vs.<br><br>WILLIAM MULDOON, individually and in his official capacity as Director of NLETC, DAVE STOLZ, individually and in his official capacity as Counsel for the NLETC, NEBRASKA LAW ENFORCEMENT TRAINING CENTER, and DOES 1-25 inclusive,<br><br>                  Defendants. | 8:17CV319<br><br>ORDER |

       This matter is before the Court on Plaintiff's Motion for Defendants to Properly Preserve and Catalog All Physical Evidence (Filing No. 22). Plaintiff requests that the Court enter an order directing the Defendants to "take immediate steps to properly preserve and fully catalog all items of physical evidence," including emails, telephone logs, text messages, recordings, etc. (Filing No. 22 at p. 2).

       Generally, "a defendant's duty to preserve evidence with regard to a case is most often triggered at the time the case is filed, unless the defendant before that time becomes aware of facts from which it should reasonably know that evidence is to be preserved as relevant to future litigation." The *Valspar Corp. v. Millennium Inorganic Chemicals, Inc.*, 2016 WL 6902459, at *4 (D. Minn. Jan. 20, 2016)(citing *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 512 (S.D.W. Va. 2014). Plaintiff offers no explanation why a court order is necessary at this time to enforce the defendants' general duty to preserve relevant evidence upon receiving notice of this litigation. Accordingly,

       **IT IS ORDERED** that Plaintiff's Motion for Defendants to Properly Preserve and Catalog All Physical Evidence (Filing No. 22) is denied.

Dated this 3rd day of January, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge