IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JOHN M. CARTER, | |
|---|---|
| Plaintiff, | |
| vs. | 8:17CV319 |
| WILLIAM MULDOON, individually and in his official capacity as Director of NLETC, DAVE STOLZ, individually and in his official capacity as Counsel for the NLETC, NEBRASKA LAW ENFORCEMENT TRAINING CENTER, and DOES 1-25 inclusive, | ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Clerk's Entry of Default against Nebraska Law Enforcement Training Center "NLETC." ([Filing No. 28](#)). Counsel for the NLETC has filed a special appearance to oppose the clerk's entry of default. ([Filing No. 29](#)).

Despite the NLETC's representations set forth in its special appearance, the record before the Court clearly establishes that NLETC is a named a defendant in this action. First, the Complaint's caption separately capitalizes each defendant, including William Muldoon, Dave Stolz, Nebraska law Enforcement Training Center, and Does 1-25. ([Filing No. 1](#)). Additionally, under the section of the Complaint titled "Parties," Plaintiff sets forth himself, William Muldoon, David Stolz, NLETC, and Does 1-25 in five separately numbered paragraphs. ([Filing No. 1 at pp. 1-2](#)). Part of Plaintiff's request for relief asks that the court "order the [NLETC] to issue the Management Certificate earned to Plaintiff." ([Filing No. 1 at p. 18](#)).

Finally, even if there were any ambiguity in the formatting of the Complaint, William Muldoon and Dave Stolz are named in both individually and in their official capacities for the NLETC. "A suit against a government official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'" *[Baker v. Chisom](#)*, 501 F.3d 920, 925 (8th Cir. 2007)(quoting *[Monell v. Dep't of Social Services](#)*, 436 U.S. 658, 690 n. 55 (1978)). Because Muldoon and Stolz are named in their official capacities, it is another way of pleading an action against the entity of which they are agents, namely, the NLETC.

Upon receipt of Plaintiff's filing fee on November 21, 2017, the Clerk of Court issued four summons to the Plaintiff: to Doug Peterson, Nebraska Attorney General; Dave Stolz; William Muldoon; and Nebraska Law Enforcement Training Center. (Filing No. 14). According to the issued summons to each of the above four-named individuals, the following three defendants were clearly named: "[1] WILLIAM MULDOON, individually and in his official capacity as Director of NLETC; [2] DAVE STOLZ, individually and in his official capacity as Legal Counsel for NLETC; [3] NLETC." On December 12, 2017, Plaintiff filed his purported proof of service by certified mail on Doug Peterson, Nebraska Attorney General. (Filing No. 17). On December 17, 2017, Plaintiff filed the Hall County Sheriff's Process Service Return, indicating that the NLETC was served by the sheriff on December 7, 2017. (Filing No. 19). These returns indicate that the Attorney General and NLETC were served within sixty-days of Plaintiff's payment of the filing fee, in accordance with the Court's previous order. (Filing No. 13).

Therefore, on the preliminary review of the record before the Court, it appears the NLETC and the Nebraska Attorney General were served with notice of this lawsuit, that NLETC is a defendant in this action, and that NLETC failed to plead or otherwise defend in the time allowed by Federal Rule of Civil Procedure 12(a). Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).[1] Accordingly,

**IT IS ORDERED:** The Clerk of Court is directed to enter Plaintiff's requested default pursuant to Federal Rule of Civil Procedure 55(a) against Defendant Nebraska Law Enforcement Training Center.

Dated this 31st day of January, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

---

[1] The NLETC, of course, may move to set aside the default judgment. See Fed. R. Civ. P. 55(c).