# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN M. CARTER, and on behalf of other Similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM MULDOON, individually and in his official capacity as Director of NLETC; DAVE STOLZ, individually and in his official capacity as Counsel for the NLETC; and DOES 1-25 INCLUSIVE,<br><br>Defendants. | 8:17CV319<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Set Aside Default, ECF No. 33, filed by Defendant Nebraska Law Enforcement Training Center (NLETC). Also before the Court are the Objection to Magistrate Judge's Order directing the Clerk to enter default, ECF No. 35, filed by NLETC, and the Motion for Default Judgment, ECF No. 41, filed by Plaintiff John M. Carter. For the reasons stated below, the Objection to Magistrate Judge's Order will be overruled; the Motion to Set Aside Default will be granted; and the Motion for Default Judgment will be denied.

## BACKGROUND

On August 28, 2017, Carter filed his Complaint, ECF No. 1, against Defendant William Muldoon, the Director of NLETC; Defendant Dave Stolz, "legal counsel and staff member" for NLETC; and Defendant NLETC. Carter is suing Muldoon and Stolz both in their individual and official capacities. The Complaint claims the Defendants took

various courses of action against him based on his race in violation of a number of federal and Nebraska state laws.

A Motion to Dismiss, ECF No. 26, for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) was filed on behalf of Muldoon and Stolz, but no such motion or responsive pleading was filed on behalf of NLETC. Accordingly, Carter moved for a clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and Magistrate Judge Nelson ordered the Clerk of Court to enter default against NLETC for "fail[ure] to plead or otherwise defend in the time allowed by Federal Rule of Civil Procedure 12(a)." ECF No. 31, Page ID 108. Default was entered pursuant to the order. ECF No. 32.

NLETC objected to Magistrate Judge Nelson's Order, and moved the Court to Set Aside the Clerk's entry of default under Fed. R. Civ. P. 55(c). Carter has moved for a default judgment against NLETC.

## DISCUSSION

### I. Clerk's Entry of Default

The Clerk properly entered default against NLETC. Federal Rule of Civil Procedure 55(a) states "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A Rule 12(b)(6) motion was filed, but only on behalf of Muldoon and Stolz; no defensive motion or pleading was filed on NLETC's behalf. Def.'s Mot. Dismiss, ECF No. 26, Page ID 83 (stating "Defendants William Muldoon and Dave Stolz move to dismiss Plaintiff's

2

Complaint[.]"). As such, the Clerk correctly entered default against NLETC, and the Objection to Magistrate Judge's Order will be overruled.

NLETC argues default should not have been entered because Carter did not properly serve NLETC with process under Fed. R. Civ. P. 4(j)(2)(B). NLETC Br. Mot. Default, ECF No. 29, Page ID 100. However, the proper way to challenge service of process is to assert a timely Rule 12(b)(5) motion to dismiss. NLETC was clearly named as a defendant in the Complaint, *see* ECF No. 31, yet no timely pleading or defensive motion was filed on its behalf. As such, the Clerk of Court correctly entered default under Rule 55(a) against NLETC.

## II. Motion to Set Aside Clerk's Entry of Default

NLETC has, nevertheless, shown there is good cause to set aside the Clerk's entry of default against it.

Federal Rule of Civil Procedure 55(c) provides "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "When examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'" *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)). The Court must also recognize that there is a "judicial preference for adjudication on the merits." *Johnson*, 140 F.3d at 784 (quoting *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993)).

### a. Blameworthiness and Culpability

There is a distinction "between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." *Johnson*, 140 F.3d at 784. The Eighth Circuit has "rarely, if ever, excused the former." *Id.* Usually, "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Grant v. City of Blytheville, Ark.*, 841 F.3d 767, 772 (8th Cir. 2016) (quoting *Johnson*, 140 F.3d at 784). NLETC promptly attacked the entry of default by moving the Court to set aside the entry of default and thoroughly explained its oversight in failing to plead or otherwise defend against the claims asserted by Carter. *See* Forch Affidavit, ECF No. 34-1. Thus, this factor favors setting aside the entry of default.

### b. Meritorious Defenses

"Whether a meritorious defense exists is determined by examining 'whether the proffered evidence would permit a finding for the defaulting party.'" *Stephenson*, 524 F.3d at 914 (quoting *Johnson*, 140 F.3d at 785). "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Stephenson*, 524 F.3d at 914 (quoting *Augustana Fiberglass*, 843 F.2d 808, 812 (4th Cir. 1988)). There is no evidence in the record at this point; however, based on the allegations in the Complaint, NLETC has meritorious defenses with respect to many of Carter's claims.

First, Carter has attempted to assert claims against NLETC under §§ 241, 242, and 245 of Title 18 of the United States Code, but no private right of action exists under these sections. *See, e.g., Wolf v. Jefferson Cty., Mo.*, Case No. 4:15-CV-1174-CEJ,

2016 WL 233247, at *2 (E.D. Mo. Jan. 20, 2016) (citing *United States v. J.H.H.*, 22 F.3d 821, 824-28 (8th Cir. 1994)); *see also United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts repeatedly have held that there is no private right of action under § 241[.]"); *Keyter v. Bush*, No. 04-5324, 2005 WL 375623, at *1 (D.C. Cir. 2005) (per curiam) ("[A]ppellant cannot assert any claim pursuant to 18 U.S.C. §§ [ ], 241, and 242, because, as criminal statutes, these statutes do not convey a private right of action."); *Kelly v. Rockefeller*, 69 Fed. App'x 414, 415 (10th Cir. 2003) (Section "245 explicitly reserves the right of prosecution to government officials.").

Second, Carter's claims against NLETC under 42 U.S.C. §§ 1981 and 1982, and his claims against NLETC for money damages may be barred by Eleventh Amendment sovereign immunity.[1] *See Zawaideh v. Neb. Dep't of Health and Human Servs. Regulation and Licensure*, 825 N.W.2d 204, 212 (Neb. 2013) ("[A] suit against a state agency is a suit against the State and is subject to sovereign immunity."); *see, e.g., Friends of Eudora Pub. Sch. Dist. of Chicot Cty., Ark. v. Beebe*, No. 5:06CV0044 SWW, 2008 WL 828360, at *3 (E.D. Ark. March 25, 2008) (dismissing §§ 1981, 1982, and 1983 claims pursuant to Eleventh Amendment sovereign immunity); *see also Hadley v. N. Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996) ("The Eleventh Amendment immunizes an unconsenting State from damage actions brought in federal court, except when Congress has abrogated that immunity for a particular federal cause of action.").

---

[1] The Court notes that Carter has also requested injunctive relief. *See, e.g., Duit Constr. Co. Inc. v. Bennet*, 796 F.3d 938, 940-41 (8th Cir. 2015) (discussing the exception to sovereign immunity under *Ex parte Young*, 209 U.S. 123, 157 (1908)).

Finally, even if Carter's tort claim for intentional interference with a business relationship or expectancy is not barred by Eleventh Amendment sovereign immunity, the Court would not have subject-matter jurisdiction over that claim. *See Montin v. Moore*, 846 F.3d 289, 293 (8th Cir. 2017) (citing Neb. Rev. Stat § 81-8,214) (requiring all claims under Nebraska's State Tort Claims Act be brought in state district court). Thus, this factor favors setting aside the entry of default because there are various meritorious defenses NLETC may assert.

### c. Prejudice

"[D]elay alone, or the fact that the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff." *Stephenson*, 524 F.3d at 915 (citing *Johnson*, 140 F.3d at 785). "Setting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* Carter argues that he "will be prejudiced by the additional expense and time in litigating this matter to another conclusion after having already obtained a default judgment." Pl.'s Br. Mot. Set Aside Default, ECF No. 36, Page ID 25. This burden, however, does not amount to prejudice for purposes of a Rule 55(c) motion to set aside default. *See Stephenson*, 524 F.3d at 915. Carter has also failed to demonstrate that setting aside the default in this case will risk the loss of evidence or create difficulties with discovery. Nor has he shown that it will result in a greater opportunity for fraud or collusion. This factor also favors setting aside the entry of default.

Each of the relevant factors weighs in favor of setting aside the Clerk's entry of default in this case. Therefore, the Court will set aside the entry of default, deny

6

Carter's Motion for Default Judgment, and allow NLETC to file a responsive pleading to Carter's Complaint.

Accordingly,

IT IS ORDERED:

1. The Objection to Magistrate Judge's Order, ECF No. 35, filed by Defendant Nebraska Law Enforcement Training Center, is overruled;

2. The Motion for Default Judgment, ECF No. 41, filed by Plaintiff John Carter, is denied;

3. The Motion to Set Aside Default, ECF No. 33, filed by Defendant Nebraska Law Enforcement Training Center, is granted; and

4. Defendant Nebraska Law Enforcement Training Center shall file a responsive pleading to Carter's Complaint on or before March 28, 2018.

Dated this 21st day of March, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge