IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN M. CARTER,<br><br>              Plaintiff,<br><br>vs.<br><br>WILLIAM MULDOON and DAVE STOLZ, in their individual capacities,<br><br>              Defendants. | 8:17CV319<br><br>**ORDER** |

      This matter is before the Court on the Motion to Amend Pleadings (Filing No. 65) filed by Plaintiff, John M. Carter, pro se. The Court will deny the motion.

      First, Plaintiff did not file a brief with his motion, which is grounds alone for the Court to deny his motion.[1] This district's local rules provide, "If the court concludes that a motion raises a substantial issue of law . . . it may treat the failure to file a brief as an abandonment of the motion." NECivR 7.1(a)(1)(B). Plaintiff's motion raises a substantial issue of law because he is seeking to amend his pleadings outside the deadline set by the Court. "[P]ro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984)(citing *Faretta v. California*, 422 U.S. 806, 834-35 n. 46 (1975)). "[P]arties who proceed pro se are bound by and must comply with all local and federal procedural rules." NEGenR 1.3(g). Therefore, the Court may treat Plaintiff's failure to file a brief in accordance with this district's local rules as an abandonment of his motion.

      Plaintiff also did not comply with NECivR 15.1 when filing his motion. "A party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). Plaintiff did not attach a proposed pleading to his motion nor did he identify his proposed amendments; instead, five days after he filed his motion, Plaintiff filed a "Complaint for Racial Discrimination; Civil Conspiracy to Violate Civil Rights; Violation of the Thirteenth Amendment" against William Muldoon and

---

[1] Additionally, neither defendant filed a brief in opposition to the motion. Although a defendant's "[f]ailure to file an opposing brief is not considered a confession of a motion," see NECivR 7.1(b)(1)(C), a response to Plaintiff's motion by Defendants would have been helpful to the Court.

David Stolz. (Filing No. 66). Plaintiff's failure to comply with NECivR 15.1 is further reason to deny his motion.

Finally, the Court also finds that Plaintiff's motion should be denied on its merits. Although Fed. R. Civ. P. 15(a) provides that a Court should "freely give leave" to amend a pleading "when justice so requires," a party does not have an absolute right to amend, and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008)(quotation and citation omitted). Additionally, when a party seeks leave to amend under Rule 15(a) outside of the deadline established by a scheduling order, the party must first demonstrate good cause under Rule 16(b). See *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).

In this case, the Court entered a progression order setting July 30, 2018, as the deadline for the parties to file "[a]ny motion to amend pleadings" and reminded the parties that they "must comply with the provisions of NECivR 15.1 when moving to amend the pleadings." (Filing No. 58). Plaintiff filed the present motion to amend on September 12, 2018, after the deadline expired, and did not request an extension of the deadline. Therefore, Plaintiff must demonstrate good cause to amend his pleadings. See *Sherman*, 532 F.3d at 716. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716 (citing *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989). The decision whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii*, 512 F.3d at 497.

As noted above, Plaintiff did not file a brief, but states in his motion that after he received Defendants' discovery responses on August 30, 2018, he "determined that there are additional defendants that need to be added to the lawsuit and causes of action to be added" because the information "revealed other issues . . . that need to be brought before a jury." (Filing No. 65). Plaintiff does not explain what the discovery revealed or identify the new issues, and review of Plaintiff's "Complaint" at Filing No. 66 (which the Court will construe as Plaintiff's proposed amended pleading) does not make these new issues apparent. Plaintiff also does not name new

defendants in his proposed pleading, which only lists William Muldoon and David Stolz as defendants in the caption. Plaintiff also raises the same "Deprivation of Equal Protection and Due Process" and "Racial Discrimination" claims as he raised in his original Complaint.[2] Plaintiff generally adds more factual allegations to support these claims in his proposed pleading, see, e.g., Filing No. 66 at p. 6 ¶¶ 19-20, 22-24, but does not otherwise change the substance of his previous surviving claims.

The only substantive change in Plaintiff's proposed amended pleading is the addition of a claim under the Thirteenth Amendment. In support of this claim, Plaintiff asserts that "The only time Plaintiff[']s credibility to perform his duties as a law enforcement officer has ever been raised is when the Defendants have contacted persons within the jurisdictions where Plaintiff was performing his duties as a law enforcement officer and made it the subject of discussion and provided targeted information for the receiving parties to consider." (Filing No. 66 at p. 15 ¶ 51). Plaintiff claims that "The willful, wanton and malicious conduct of the Defendants to use every avenue at their disposal to influence others in positions of authority or apparent authority to discriminate against the Plaintiff and deny the Plaintiff the opportunity to advance in employment opportunities is a badge of slavery." (*Id.* at ¶ 52). Plaintiff's allegations in support of this claim would have been apparent prior to the expiration of the deadline to amend pleadings. Moreover, Plaintiff's proposed amended pleading contains no plausible allegations that could fairly be characterized as involuntary servitude within the meaning of the Thirteenth Amendment. Therefore, permitting Plaintiff to amend his pleading to add this claim would be futile as it would not survive a motion to dismiss. See *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010)("Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.")(internal quotations omitted).

---

[2] As in his original Complaint, Plaintiff asserts his equal protection and due process claims under 42 U.S.C. § 1982, not § 1983, and his claim for racial discrimination under 42 U.S.C. § 1981 without reference to § 1983. Nevertheless, Chief Judge Smith Camp previously concluded that "Carter may proceed against Muldoon and Stolz, in their individual capacities, on the following claims: (1) race discrimination under 42 U.S.C. § 1981, (2) equal protection under the Fourteenth Amendment, and (3) substantive due process under the Fourteenth Amendment." (Filing No. 56).

In sum, Plaintiff did not comply with this district's local rules when filing his motion for leave to amend, did not show good cause for leave to amend after the deadline imposed by the Court, and his proposed new claim would be futile. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend Pleadings ([Filing No. 65](#)) is denied.

Dated this 3rd day of October, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge